**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN H. MICHAEL, | Civil Action No. 18-2685 (ES) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| JEFFERSON SESSIONS, et al. | |
| Respondents. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Petitioner Brian H. Michael ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Jail in Newark, New Jersey. (*See* D.E. No. 1, Petition ("Pet.") at ¶ 1; D.E. No. 3). On February 22, 2018, while he was detained at Hudson County Correctional Facility in Kearny, New Jersey, Petitioner filed the instant petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pursuant to 8 U.S.C. § 1226(c), pending removal. (Pet.).

2. Petitioner is a native and citizen of Antigua and Barbuda, who entered the United States in 1977, as an immigrant. (D.E. No. 9, Respondent's Answer ("Answer") at 5).

3. On May 8, 2017, ICE took Petitioner into custody.[1] (*Id.* at 8).

---

[1] The record is silent as to whether Petitioner was served with a Notice to Appear upon the start of his current detention. An exhibit of the Notice to Appear, charging Petitioner with being removable from the United States pursuant to Section 237 (a)(2)(A)(ii) of the Immigration and Nationality Act for conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, that was served upon Petitioner on April 22, 2014, is included in the record. (*See* D.E. No. 9-3).

4. On May 22, 2017, Petitioner filed a motion to terminate removal proceedings in the Elizabeth, New Jersey immigration court. (*Id.* at 9).

5. On May 25, 2017, an Immigration Judge ("IJ") held a master calendar hearing that was adjourned to June 23, 2017, to allow Petitioner time to contest the charge of removability. (*Id.*).

6. On June 23, 2017, Petitioner's master calendar hearing scheduled for that day was adjourned to August 24, 2017. (*Id.*).

7. On June 26, 2017, Petitioner filed a motion for continuance, which was granted. (*Id.*). The immigration judge adjourned the hearing to September 14, 2017. (*Id.*).

8. On September 14, 2017, Petitioner appeared for a five-and-a-half-hour individual hearing that was resumed for an additional three hours on November 15, 2017. (*Id.*).

9. On April 11, 2018, less than two months after Petitioner's instant habeas petition was filed in this Court, the Immigration Court issued a written decision denying Petitioner relief and ordering removal to Antigua and Barbuda. (*Id.*).

10. On May 7, 2018, Petitioner filed an appeal of the removal order with the Board of Immigration Appeals ("BIA"), which is currently pending. (*Id.*).

11. In Petitioner's instant Petition for a Writ of Habeas Corpus, he argues "the Government has not provided petitioner with a hearing to demonstrate why his continue[d] prolonged detention is justified." (D.E. No. 1 at 8). Petitioner requests that this Court "order an immediate release." (*Id.* at 9).

7. Respondent acknowledges that Petitioner has been in immigration custody since May 2017, but argues that because he is detained pursuant to 8 U.S.C. § 1226(c), he is subject to lawful mandatory detention. (Answer at 17-22). Moreover, Respondent submits that any

appeals by Petitioner to either the BIA or the court of appeals would only further delay his detention while a determination is pending. (*Id.* at 21-22).

8. Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. The Court has subject matter jurisdiction over this Petitioner under § 2241, because Petitioner was detained within its jurisdiction by a custodian within its jurisdiction, at the time he filed his petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-95, 500 (1973).

10. In 2018, the United States Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), held that the Ninth Circuit Court of Appeals erred by interpreting an implicit six-month limitation on detention pursuant to § 1226(c) absent a bail hearing. *Jennings* essentially abrogated the Third Circuit Court of Appeals' decisions in *Diop v. ICE/Homeland Security*, 656 F.3d 221, 231-35 (3d Cir. 2011); and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), which read implicit time limitations into statutes such as § 1226(c). The *Jennings* Court explained,

> [Section] 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings. Section 1226(a) also permits the Attorney General to release those aliens on bond, "[e]xcept as provided in [§ 1226 (c)]." Section 1226(c) states that the Attorney General "shall take

3

into custody any alien" who falls into one of the enumerated categories involving criminal offenses and terrorist activities. 8 U.S.C. § 1226(C)(1). Section 1226(c) then goes on to specify that the Attorney General "may release" one of those aliens "*only if* the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk. § 1226(c)(2) (emphasis added).

[Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a). . . .

[T]he Court of Appeals held [] that § 1226(c) should be interpreted to include an implicit . . . time limit on the length of mandatory detention . . . [T]hat interpretation falls far short of a plausible statutory construction.

In defense of th[is] statutory reading, respondents first argue that § 1226(c)'s "silence" as to the length of detention "cannot be construed to authorize prolonged mandatory detention, because Congress must use 'clearer terms' to authorize 'long-term detention'" . . . . But § 1226(c) is not "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to the removed from the United States," § 1226(a), and it expressly prohibits release from detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion . . . time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.

Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 537 U.S. [at 529,] we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under § 1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite determination point"—and not some arbitrary time limit devised by the courts—marks the end of the Government's detention authority under § 1226(c).

> Respondents next contend that § 1226(c)'s limited authorization for release for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered aliens may be released "only if" certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative prohibition on releasing detained aliens under any other conditions . . . .
>
> We hold that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the alien is released for witness-protection purposes.

138 S. Ct. at 846-47.

11. Section 1226(c) authorizes and mandates detention throughout a petitioner's removal proceedings so long as he is not placed into witness protection. *See id.* Petitioner is only entitled to relief from his ongoing immigration detention pending the conclusion of his proceedings before the BIA if he were to show that the application of the statute to him is unconstitutional under the circumstances. *See, e.g.*, *Dryden v. Green*, No. 18-2686, 2018 WL 3062909, at *3-4 (D.N.J. June 21, 2018).

12. Petitioner's current period of immigration detention has lasted approximately seventeen months. (*See* Pet.).

13. Other than Petitioner's two requests for continuances in May and June of 2017, the record does not reflect that Petitioner requested any continuances or delayed his proceedings in anyway. *See Dryden*, 2018 WL 3062909 at *5 (post-*Jennings* opinion denying bond hearing and citing to Petitioner's "self-inflicted delays, and the lack of any bad faith or unreasonable action on the part of the Government"). In the absence of any indication of delay tactics on the part of the Petitioner, it appears that his ongoing detention has become so unreasonably long as

to amount to a denial of due process. *See Thomas C.A. v. Green*, No. 18-1004, 2018 WL 4110941 (D.N.J. Aug. 29, 2018); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631 (D.N.J. Aug. 7, 2018); *see also Vega v. Doll*, No. 17-1440, 2018 WL 3765431 (M.D. Pa. July 11, 2018) (all post-*Jennings* opinions granting bond hearings to § 1226(c) immigration detainees held for fifteen months, nineteen months and twenty-months, respectively). This Court will therefore GRANT Petitioner's habeas petition and order that an immigration judge provide Petitioner with a bond hearing within ten days of when this Memorandum Opinion and its accompanying Order are filed.[2]

14. At that hearing, "the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary" to further the goals of § 1226(c)—specifically that Petitioner presents neither a danger to the community nor a flight risk. *See Chavez-Alvarez*, 783 F.3d at 477-78 (3d Cir. 2015). An appropriate Order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] This Court is not authorized to order Petitioner's release as he requests in his petition. The Third Circuit Court of Appeals has repeatedly held that a bond hearing is the appropriate relief for immigration detainees, such as Petitioner, challenging their prolonged detention. *See Diop*, 656 F.3d 221; *see also Chaves-Alvarez*, 783 F.3d 469.